```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

KYLE McCLAMMA,

        Plaintiff,

v.                             Case No. 8:12-cv-2557-T-33MAP

JOSEPHA MICHELLE REMON,

        Defendant.

_____/

**ORDER**

Now before the Court is Defendant United States Senior Probation Officer Josepha Michelle Remon's Motion to Stay Discovery (Doc. # 21), filed on April 1, 2013. Plaintiff Kyle McClamma filed his response in opposition to the Motion (Doc. # 23) on April 5, 2013. For the reasons that follow, the Court grants Remon's Motion to Stay Discovery.

**Discussion**

McClamma, a pro se litigant, filed a Complaint against Remon on November 13, 2012. (Doc. # 1). McClamma alleges that Remon, in her position as a United States Senior Probation Officer, "imposed a residency restriction not ordered by the sentencing court in Mr. McClamma's criminal conviction." (Id. at 5). He further claims that "Officer Remon's actions violated Mr. McClamma's constitutionally

protected right to property which was his home, and his fundamental right to familial association by prohibiting him from living with his family without due process." (Id.).

Remon filed a Motion to Dismiss the Complaint (Doc. # 17) on March 18, 2013, claiming:

> Plaintiff's complaint should be dismissed for the following three reasons: (1) Probation Officer Remon is entitled to absolute immunity for her role in applying the Conditions of Supervised Release in the court's sentencing order; (2) Probation Officer Remon is entitled to qualified immunity because no clearly established law exists finding that her actions were unconstitutional; and (3) the Plaintiff's action is barred by Heck v. Humphreys because it implies the invalidity of the court's sentence.

(Id. at 2). McClamma filed a Response (Doc. # 19) in opposition to the Motion to Dismiss on March 25, 2013. On April 1, 2013, Remon moved the Court to stay discovery "until the threshold issues of absolute and qualified immunity are resolved." (Doc. # 21 at 1). McClamma filed his Response in opposition on April 5, 2013. (Doc. # 23).

"Matters pertaining to discovery are committed to the sound discretion of the district court . . . ." Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990). The Eleventh Circuit has held that "[t]he defense of

sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004). "[S]ubjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." Redford v. Gwinnett County Judicial Circuit, 350 F. App'x 341, 346 (11th Cir. 2009) (citing Blinco, 366 F.3d at 1252).

Accordingly, in Redford, after noting that the defendants in that case had "raised several arguments, including a claim of immunity, which, on their face, raised serious questions regarding the viability of [the plaintiff's] complaint," the Eleventh Circuit held that "the magistrate did not abuse its discretion in concluding discovery should be stayed pending resolution of defendants' motion to dismiss." Id. See also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (finding that qualified immunity protects certain government officials who do in fact violate the law so long as the relevant law was not clearly established at the time, and that to protect such officials from the burdens of litigation in

3

cases where the law was not clearly established, courts should not allow discovery until that "threshold immunity question is resolved").

Here, as in Redford, the threshold questions of immunity are raised in a Motion to Dismiss and the resolution of those questions could dispose of the entire case. See Allmond v. City of Jacksonville, No. 3:07-CV-1139-J-33TEM, 2008 WL 2704426, at *1 (M.D. Fla. July 8, 2008) ("A request to stay discovery pending a resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case."). Considering the objectives of the doctrines of absolute and qualified immunity, as well as the possibility that the resolution of the threshold immunity questions could dispose of the case and eliminate the need for discovery entirely, the Court finds good cause to stay discovery until the threshold questions of immunity are resolved.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant United States Senior Probation Officer Josepha Michelle Remon's Motion to Stay Discovery (Doc. # 21) is **GRANTED.**

(2) This stay will expire upon entry of an Order by this Court resolving Defendant United States Senior Probation Officer Josepha Michelle Remon's Motion to Dismiss the Complaint (Doc. # 17).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of April, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record