UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE McCLAMMA,

        Plaintiff,

v.                           Case No. 8:12-cv-2557-T-33MAP

JOSEPHA MICHELLE REMON,

        Defendant.

_____/

**ORDER**

Now before the Court is Defendant United States Senior Probation Officer Josepha Michelle Remon's Motion to Dismiss Complaint (Doc. # 17), filed on March 18, 2013. Plaintiff Kyle McClamma, proceeding *pro se*, filed his response in opposition to the Motion (Doc. # 19) on March 19, 2013. After due consideration and for the reasons that follow, the Court grants Remon's Motion to Dismiss.

## I.  **Background**

In 2006, McClamma pled guilty to one count of possessing child pornography. (Doc. # 1 at 3). On September 20, 2006, the Honorable William Terrell Hodges, United States District Court Judge for the Middle District of Florida, Ocala Division, sentenced McClamma to thirty-six months in federal prison to be followed by lifetime supervised release. (Id. at 4). One condition of that

supervised release was that any contact with minors would require the written approval of his probation officer. (Crim. Judgment Doc. # 1-2 at 5).

Remon states that upon McClamma's release from prison in April 2009, Remon, as McClamma's probation officer, did not permit McClamma to live at home with his two-year-old daughter, but that she did permit supervised contact between them. (Doc. # 17 at 4). McClamma and Remon each acknowledge that "Officer Remon's discretionary authority to either grant or deny contact between Mr. McClamma and his daughter was authorized by a court ordered supervised release condition that required permission from the probation officer [for McClamma] to have contact with anyone under the age of 18." (Id.; Doc. # 1 at 6).

The case was transferred to the Honorable Steven D. Merryday, United States District Court Judge for the Middle District of Florida, Tampa Division, on November 6, 2009. (Case No. 5:05-cr-46; Doc. # 32). On November 10, 2009, McClamma sought clarification from the court as to whether the court intended the conditions of supervised release to prohibit McClamma from living with his own daughter. (Doc. # 17-2). A hearing on the matter was set for December 15, 2009, but McClamma withdrew his request before the hearing

2

on the basis that the parties were attempting to resolve the issues raised. (Doc. # 17-3).

A year later, on November 11, 2010, the Plaintiff filed a Motion to Clarify and Request for Permission to Obtain Polygraph Results, Attend Church and Enter Pediatric Information During the Course of Employment. (Doc. # 17-4). McClamma requested that the court rule on "four aspects of his supervision, including his claim that the Court and the Probation Office did not have authority to approve the adults who would supervise [McClamma] during his contact with daughter." (Doc. # 17 at 5) (citing Doc. # 17-4). A hearing was conducted before Judge Merryday on January 25, 2011 (Case No. 5:05-cr-46; Doc. # 51), and on January 31, 2011, Judge Merryday ruled that "McClamma's supervision is modified to permit contact or visitation with the daughter only when supervised by an approved third-party supervisor. No unsupervised visitation or contact is permitted." (Doc. # 17-5).

On January 27, 2012, McClamma filed a Petition for a Writ of Habeas Corpus, challenging several conditions of his probation as unconstitutional, including the conditions which prohibit McClamma from unsupervised contact with his daughter and prohibiting him from residing in the family

3

home. (Doc. # 17-7 at 4-5). That matter is currently pending.

McClamma filed a Complaint against Remon on November 13, 2012, alleging that Remon, in her position as a United States Senior Probation Officer, "imposed a residency restriction not ordered by the sentencing court in Mr. McClamma's criminal conviction." (Doc. # 1 at 5). He further claims that "Officer Remon's actions violated Mr. McClamma's constitutionally protected right to property which was his home, and his fundamental right to familial association by prohibiting him from living with his family without due process." (Id.).

On March 18, 2013, Remon filed a Motion to Dismiss (Doc. # 17) pursuant to Rule 12(b)(6), Fed. R. Civ. P. McClamma filed his response in opposition to the Motion on March 25, 2013. (Doc. # 19).

## II.  **Legal Standard**

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion

4

couched as a factual allegation." <u>Papasan v. Allain</u>, 478
U.S. 265, 286 (1986).

In <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court
articulated the standard by which claims should be
evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual
> allegations, a plaintiff's obligation to provide
> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough
> to raise a right to relief above the speculative
> level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with <u>Twombly</u>, Federal Rule of Civil
Procedure 8(a) calls "for sufficient factual matter,
accepted as true, to 'state a claim to relief that is
plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
663 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). A plausible
claim for relief must include "factual content [that]
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." <u>Id.</u>

**III.** **<u>Analysis</u>**

    **A.** **<u>Judicial Notice</u>**

As a threshold matter, the Court takes judicial notice
of the following documents: Information as to Kyle

McClamma, December 22, 2005 (Doc. # 17-1); Motion for
Clarification, November 10, 2009 (Doc. # 17-2); Withdrawal
of Motion for Clarification, December 9, 2009 (Doc. # 17-
3); Motion to Clarify, November 11, 2010 (Doc. # 17-4);
January 31, 2011, Order granting in part and denying in
part the 2010 Motion to Clarify (Doc. # 17-5); Petition for
Writ of Habeas Corpus, January 27, 2012 (Doc. # 17-7);
Transfer of Case from Judge Hodges to Judge Merryday,
November 6, 2009 (Case No. 5:05-cr-46; Doc. # 32); Minute
Entry of Hearing before Judge Merryday, January 25, 2011
(Case No. 5:05-cr-46; Doc. # 51).

Taking judicial notice of indisputable facts under
Fed. R. Evid. 201(b) does not convert a motion to dismiss
into a motion for summary judgment. See Horne v. Potter,
392 F. App'x 800, 802 (11th Cir. 2010). However, "'a court
may take judicial notice of a document filed in another
court not for the truth of the matters asserted in the
other litigation, but rather to establish the fact of such
litigation and related filings.'" F.D.I.C. v. Icard,
Merrill, Cullis, Timm, Furen & Ginsburg, P.A., No. 8:11-cv-
2831, 2013 WL 1912838, at *2 (M.D. Fla. May 9, 2013)
(quoting United States v. Jones, 29 F.3d 1549, 1553 (11th
Cir. 1994)). Furthermore, the Court may consider documents

attached to the Complaint on a motion to dismiss without converting the motion into a motion for summary judgment. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). In addition to the instant Motion and McClamma's response to it, the Court has considered the Complaint (Doc. # 1), the documents attached to the Complaint including the criminal judgment (Crim. Judgment Doc. # 1-2), and the judicially noticed documents listed above. Accordingly, the Motion to Dismiss has not been converted into a motion for summary judgment.

**B.**     **Scope of the Action**

The Court takes the opportunity to acknowledge at the outset that this matter does not involve an inquiry into the reasonableness of the conditions of supervised release imposed on McClamma. Those conditions – including the prior written approval condition – were set forth by Judge Hodges on September 20, 2006 (Id. at 5), and clarified by Judge Merryday on January 31, 2011, when he ruled that no unsupervised visitation or contact would be permitted between McClamma and his daughter (Doc. # 17-5). Thus, McClamma has utilized appropriate avenues to challenge the conditions of his supervised release which he finds objectionable.

Remon claims that McClamma's complaint should be dismissed for three reasons:

> (1) Probation Officer Remon is entitled to absolute immunity for her role in applying the Conditions of Supervised Release in the court's sentencing order; (2) Probation Officer Remon is entitled to qualified immunity because no clearly established law exists finding that her actions were unconstitutional; and (3) the Plaintiff's action is barred by Heck v. Humphrey[] because it implies the invalidity of the court's sentence.

(Doc. # 17 at 2). As discussed below, the Court finds that qualified immunity shields Remon in this case. For that reason, the Court need not decide the issue of absolute immunity nor discuss the applicability of Heck v. Humphrey, 512 U.S. 477 (1994), to this action.

### C.   Qualified Immunity

Remon argues she "is entitled to qualified immunity because no clearly established law exists finding that her actions were unconstitutional." (Doc. # 17 at 2). "Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008). The Court must balance "two important interests" when considering qualified immunity—"the need to hold

8

public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Randall v. Scott, 610 F.3d 701, 714-15 (11th Cir. 2010).

To receive qualified immunity, a government official must first establish that she acted within her discretionary authority. Powell v. Sheriff, Fulton Cnty. Ga., 511 F. App'x 957, 960 (11th Cir. 2013) *(*citing Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1291 (11th Cir. 2009)). However, it is important to note that "[o]nce discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply." Id. To overcome qualified immunity, a plaintiff must show that: "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). The Court may consider these questions in any order. Powell, 511 F. App'x at 960 (citing Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) ("We recently reaffirmed that lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first.")).

### 1. __Discretionary Authority__

"Instead of focusing on whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job responsibilities." <u>Holloman</u>, 370 F.3d at 1265. To determine if the acts fall within the employee's job responsibilities, "Our inquiry is two-fold. We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." <u>Id.</u>

In answer to this two-fold inquiry, Remon states: "By placing limitations on . . . McClamma's interaction with minors, Probation Officer Remon performed her job responsibility of implementing the Conditions of Supervised Release set forth by the Court. <u>See</u> 18 U.S.C. § 3603." (Doc. # 17 at 15). The Court agrees. Furthermore, the Eleventh Circuit has "discussed that, because probation officers 'play a vital role in effectuating the sentences imposed by district courts,' courts may delegate duties to probation officers 'to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility.'" <u>United States v. Harmon</u>, 181 F. App'x

10

922, 925 (11th Cir. 2006) (citing <u>United States v. Nash</u>, 438 F.3d 1302, 1304 (11th Cir. 2006)). Furthermore, "'where the court makes the determination of whether a defendant must abide by a condition . . . it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied.'" <u>Id.</u>

The Court finds that in interpreting the court ordered conditions of McClamma's supervised release, Remon was performing a legitimate job-related function through means that were within her power to utilize. As such, the acts in question involved the exercise of discretionary authority.

## 2. **Clearly Established Right**

Once it is determined that the action taken was an exercise of discretionary authority, a plaintiff must show that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." <u>Holloman,</u> 370 F.3d at 1264. "In order to determine whether a right is clearly established, we look to . . . precedent . . . interpreting and applying the law *in similar circumstances*." <u>Oliver v. Fiorino</u>, 586 F.3d 898, 907 (11th Cir. 2009) (emphasis added). Considering the unusual circumstances involved in this case, the Court will begin with the second question and

determine if McClamma has shown that the rights he claims Remon violated were rights clearly established in similar circumstances.

"Th[e] inquiry [of whether the right was clearly established], it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

Indeed, the Eleventh Circuit has noted:

> The Supreme Court has said that "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." This analysis must be undertaken in the specific crucible of the case . . . . At its core, the question is one of fair notice: "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."

<u>Terrell v. Smith</u>, 668 F.3d 1244, 1255 (11th Cir. 2012) (quoting <u>Saucier</u>, 533 U.S. at 201) (internal citations omitted); <u>see</u> <u>also</u> <u>Priester v. City of Riviera Beach, Fla.</u>, 208 F.3d 919, 926 (11th Cir. 2000) ("For the law to be 'clearly established,' case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing

violates federal law."). "We have said many times that 'if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.'" Priester, 208 F.3d at 926 (quoting Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir. 1997)).

Having served a period of incarceration, McClamma is now "on supervised release for a term of life." (Crim. Judgment Doc. # 1-2 at 4). One of the conditions of his supervised release specifically states that he "shall have no direct contact with minors (under the age of 18) without written approval of the probation officer." (Id. at 5). The conditions of McClamma's release were clarified at McClamma's request: "McClamma's supervision is modified to permit contact or visitation with the daughter only when supervised by an approved third-party supervisor." (Doc. # 17-5 at 2). These are factual circumstances that must be considered when considering whether any allegedly violated right was clearly established. McClamma has not presented the Court with binding case law or other information demonstrating that McClamma's purported right to live in the same household as his two-year-old daughter was clearly established in light of these circumstances.

McClamma does cite to United States v. Wolf Child, 699 F.3d 1082 (9th Cir. 2012), to show that "prohibiting one's ability to reside with their family is a fundamental right to familial association which is a particularly significant liberty interest." (Doc. # 1 at 10). However, according to McClamma's Complaint, it was in April 2009 that Remon decided that McClamma would not be allowed to reside with his daughter. (Doc. # 1 at 6). The Ninth Circuit decided Wolf Child in October 2012. For that reason, the holding of Wolf Child could not have made it "obvious" to Remon that her action would "violate[] federal law." Priester, 208 F.3d at 926. Moreover, the holding in Wolf Child is a statement of the law in the Ninth Circuit. This Court applies the law as it stands in the Eleventh Circuit, and the Ninth Circuit's decision in Wolf Child does not bind this Court.

Furthermore, the court in Wolf Child was asked to consider the reasonableness of a district court's imposition of a condition of supervised release; here, the Court is asked to consider a probation officer's implementation of the court's condition. The two cases, therefore, are concerned with two different questions. As discussed above, the *reasonableness* of the condition of

14

McClamma's supervised release is not before this Court. McClamma has already been heard on that issue, and it has already been decided that no unsupervised visitation or contact between McClamma and his daughter is permitted. (Doc. # 17-5). This Court may now only consider whether McClamma has shown that Remon's decision not to allow McClamma to live in a home with his two-year-old child was a violation of a clearly established constitutional right when the plain language of the sentencing court's prior written approval condition encompassed contact with *all* minors. The Court finds that he has not done so.

Although "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), *pro se* litigants are still subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure, see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). McClamma has failed to carry his burden and, accordingly, the Court finds that Remon is entitled to qualified immunity. As "[q]ualified immunity is immunity from suit and not merely a defense to liability," Hilger v. Velazquez, 463 F. App'x 847, 848

(11th Cir. 2012), the Motion to Dismiss the Complaint is granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant United States Senior Probation Officer Josepha Michelle Remon's Motion to Dismiss (Doc. # 17) is **GRANTED**. This case is **DISMISSED** with prejudice. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of August, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record